IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER D. MOORE                                                                            PLAINTIFF

      v.                       Civil No. 3:12-cv-03145-PKH-JRM

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Roger D. Moore, filed this action on November 15, 2012, seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). Pl.'s Comp., ECF No. 1. In place of an answer, the Commissioner filed an Unopposed Motion to Remand for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). ECF No. 8. Specifically, the Commissioner seeks remand to locate the recording of the administrative hearing. ECF No. 8, Ex. 1. The Commissioner contacted Plaintiff's attorney, who does not oppose the motion. *Id.*

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. 42 U.S.C. § 405(g). Here, the first situation is present, as the Commissioner filed her motion to remand prior to answering the complaint.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

The undersigned finds good cause to remand this case to the Commissioner for further administrative action. If the recording of the administrative hearing cannot be located within a reasonable time, Plaintiff should be afforded a *de novo* hearing. Therefore, it is recommended that the Commissioner's motion be granted and the case be remanded for further administrative action pursuant to sentence six of section 405(g).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 17th day of April 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)